MARY E. BOWEN, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. **SURFACE WATER: Contributory Negligence.** When the evidence for the defense tends to show that the injury complained of was not done by the defendant but arose from some cause not connected with him, it does not make an issue of contributory negligence and it need not be submitted in an instruction.

2. **CONTRIBUTORY NEGLIGENCE.** A defense of contributory negligence alone is an admission of negligence, but amounts to a denial that such negligence was the proximate cause.

3. ———: ———. Negligence in not keeping one's own premises in repair is not a defense for one who commits an injury upon such property, even though such injury would not have happened had it been in repair.

4. ———: Surface Water. A person desiring to improve his property by building, may divert surface water to a street or alley to protect his building.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*John T. Harding, James W. Garner* and *Hunt C. Moore* for appellant.

*Harry B. Walker* and *Dana, Cowherd & Ingraham* for respondent.

(1)   Respondent was not obliged to cover the feature of contributory negligence set up in appellant's answer, because there was no evidence to support it.   Hovarka v. Transit Co., 191 Mo. 451; Fisher v. Transit Co., 198 Mo. 592.   (2)   It is now well-settled law in this State that surface water is a common enemy and that anyone may so shape his property as either to divert the flowing of the same upon him or throw it off upon the servient estate, provided it be not done in a reckless manner.   Cox v. Railway, 174 Mo. 606; Gottenetroeter v. Kappleman, 83 Mo. App. 290; Rariden v. Railroad, 98 Mo. App. 470.   (3)   The fact that plaintiff's instruction did not negative contributory negligence was not error.   If defendant desired that point covered, it should have asked an appropriate instruction and then only in the event that there was evidence to warrant the submission.   Non-direction in civil cases is never reversible error.   Browning v. Railway, 124 Mo. 72; Williamson v. Transit Co., 202 Mo. 373; Marion v. Railroad, 124 Mo. App. 449; Moss v. Railroad, 128 Mo. App. 388.

ELLISON, J.—This action is for damages caused by surface water flowing into the basement of plaintiff's building.   She recovered judgment in the circuit court.

She was the lessee for a term of years of a hotel building fronting on one of the streets of the defendant city.   Back of the hotel building proper was a building containing the heating plant whereby the hotel rooms were heated and hot water provided for the use of the hotel and the guests.   It is alleged that the water was caused to flow in upon the boiler room so as to flood it and prevent its use; that in consequence of this plaintiff was damaged by reason of not being able to furnish heat or water to her guests, who, in consequence, left her hotel; that she was compelled to lay out large sums of

money in protecting the building; and that her furnace and hot water plant was also injured.

It appears that the grade of the streets and alleys on which plaintiff's property was situated was from ten to twenty feet below the natural surface at that immediate part of the city. That while the street has been cut down to the grade, the alley for a time was not. It also appeared that the lots adjoining the hotel on the south had not been cut down to the grade. With the alley not graded the surface water flowed over its surface to the north, but the city cut it down to grade so that the surface thereafter flowed to the south. The grading left two vertical walls or banks of earth running with the alley south and beginning about at plaintiff's property. That wet weather and freezing and thawing had the effect to cause the banks to fall and wash into the alley so as to form a dam for the surface water, which was thereby run into the basement of plaintiff's building and flooding her floors to such depth as to destroy her plant as above stated.

The defendant denied any negligence in allowing the obstruction to remain and claimed that the water found its way into the boiler room from seepage through the walls, and that the lot immediately south of plaintiff's property, being much higher, water ran from it through a trench along the side between the two properties and found its way into the boiler room; and that a yard or kitchen drain leading to the sewer was allowed to clog.

Plaintiff's instructions did not include a proviso as to her contributory negligence, and for that reason defendant now insists they were erroneous. The instructions properly omitted any reference to contributory negligence on plaintiff's part for the reason that, in our view, there was no issue of that nature made by the evidence. The tendency of the evidence in defendant's behalf was to show that the water got into plaintiff's building from other causes, with which it was not con-

nected and for which it could not be charged. That would have been a good defense if it had been made out to the satisfaction of the jury.

Contributory negligence, as applied to this case, would have amounted to this: That defendant's negligence by allowing the alley to become dammed and obstructed, gathered the surface water and caused it to flood plaintiff's building, but that there was some act of plaintiffs which caused defendant to do that, and such act, therefore, became the proximate cause. A defense of contributory negligence alone, is necessarily an admission of the defendant's negligence, though it is a denial of such negligence being the producing cause.

It is said that the plaintiff allowed the yard drain to become so that at times it would clog with gravel. There is nothing in that to establish contributory negligence. That drain was not to carry off the water that should properly flow along the streets. Though one's premises may become out of repair in any way, that will not justify nor tend in the least to excuse another in doing such premises an injury and when called to account, to answer: If your place had been in repair my wrongful conduct would not have harmed it.

The ground for the hotel property was cut down to grade in order to improve it by building, and when the hotel was erected the owners had a right to protect it from the surface water by leading such water into a street or alley (Cox v. Ry. Co., 174 Mo. 588) in the absence of any municipal regulation in that respect.

That contributory negligence was not thought at the time of the trial to be in the case is evidenced by the fact that it was not mentioned in any of the instructions given or refused for defendant.

We think defendant's criticism on plaintiff's instruction on the measure of damages is not well taken. The case shows that while plaintiff continued to operate the hotel, she lost many of her patrons and thereby lost the rent of her rooms. The amount of this was shown.

While it is true that the evidence in plaintiff's behalf does not show that there was the striking of a balance between the sums she received for the rooms and the reduced cost of operating the hotel by reason of not having to keep the rooms in order, etc., in other words a seeking out of net profit, yet, when the disparity between the amount of the loss shown and the verdict returned, is considered, it is apparent that defendant could not have suffered from any want of particularity or lack of definiteness in detail in stating the damage. We are not inclined to allow whatever defect there may be in plaintiff's showing in the respect here considered, to cause a reversal of the judgment when it is apparent that the damage is, at the least, full as much as the verdict allowed.

The further suggestion that the instructions did not limit the finding in regard to expense of repairs to the heating plant, is a fault which it was defendant's duty to cure by asking such instruction in its own behalf. [Wheeler v. Bowles, 163 Mo. 398; Geismann v. Electric Co., 173 Mo. 654.]

Complaint is made of the refusal of two instructions offered by defendant. They were properly refused. They were to the effect that defendant was not responsible for rain which may have fallen in the alley and thence ran into plaintiff's boiler room. That would have excluded any water which may have fallen and not being able to escape down the alley by reason of the dam, was forced onto plaintiff's premises. Besides, the instructions are so worded as to lead the jury to believe that if any part of the water flowing upon plaintiff came from natural rainfall, she could not recover.

Complaint is also made of the admission of evidence, but we regard it as not well founded.

We think the judgment manifestly for the right party and affirm it. All concur.